[No. 21398. Department One. December 13, 1928.]

Discount Corporation of Washington, *Respondent,*
v. Philippine Manufacturing Company of
America, *Appellant.*[1]

*Grosscup, Morrow & Wallace,* for appellant.

*Elder & Knapp* and *Joseph Nievinski,* for respondent.

Beals, J.—The Ridgway Lithograph Company
(hereinafter referred to as the R. L. Co.), plaintiff's

[1] Reported in 272 Pac. 970.

assignor, being engaged in the business of manufacturing paper boxes, made, pursuant to an order received from defendant, Philippine Manufacturing Company of America, a Washington corporation, a quantity of cardboard cartons. Defendant refusing to pay for the cartons, the account was assigned to plaintiff, who brought suit for the price thereof. The action was tried to the court, sitting without a jury, and resulted in a judgment in plaintiff's favor, from which defendant appeals.

Appellant is engaged in business as a merchandise broker in the city of Seattle, and at the time the order for the cartons was placed with respondent's assignor, was acting as distributor of soap flakes manufactured by the Philippine Manufacturing Company, a corporation, organized under the laws of the Philippine Islands, with its principal place of business in Manila (hereinafter referred to as the Philippine Co.).

The order for cartons received by the R. L. Co. consists of a written proposition made by it on one of its printed forms, at the end of which appears "Accepted, Philippine Mfg. Co. by E. G. Anderson, Pres.;" it being undisputed that Mr. Anderson was at the time president of appellant company, and that he was not then, or ever, an officer of the Philippine Co. Appellant excepted to most of the findings of fact entered by the trial court and to the refusal of the court to sign the findings presented on its behalf.

Appellant's theory of the case is, that, in placing the order with the R. L. Co., it was acting as agent for the Philippine Co., and not as principal; that the goods manufactured were not up to sample; that the goods were damaged or destroyed while still the property of the R. L. Co.; and finally, that that company, having discounted the bill of lading issued for the goods, was not the owner of the account at the time the cause of

action was assigned to respondent, and that respondent's cause of action must therefore fail.

As to the first proposition, we are satisfied that appellant was liable, as principal, to respondent's assignor for the merchandise ordered. The R. L. Co.'s offer was addressed to "Philippine Mfg. Co., Seattle, Washington." It was accepted in writing, as above quoted, by Mr. E. G. Anderson, president of appellant, who was not an officer of the foreign corporation which appellant contends was the principal in the transaction. It appears that a considerable quantity, approximately one-fourth, of the cartons manufactured were delivered, on instructions from appellant, to a Seattle warehouse, and that some of the cartons so delivered were used by appellant for the purpose for which they were ordered.

There is testimony in the record to the effect that appellant company had previously placed a similar order with the R. L. Co. over its own name, by Mr. E. G. Anderson, its president, and paid for the goods manufactured pursuant thereto. We are clearly satisfied that the trial court's findings upon this phase of the case are correct.

As to appellant's contention that the cartons manufactured were not up to the sample furnished, or in accordance with the order, we are of the opinion that the cartons manufactured were in substantial compliance with the order as placed. It is true that two words in the small print description of the product contained on one side of the carton were spelled incorrectly, but in our opinion the product manufactured substantially complied with the order. In regard to this matter, the court found that, upon its attention being called to the misspelled words upon the carton, the R. L. Co. offered to allow appellant a discount of ten per cent of the purchase price, and that appellant

waived any objection on this point in consideration of the R. L. Co. extending the time for payment for approximately sixty days. This finding is supported by competent evidence, and we find no reason for disturbing it.

■ In regard to the proposition that the cartons were damaged while still the property of respondent's assignor, and that consequently respondent is not entitled to recover in this action, the court found that appellant, sometime after the cartons had been completed, requested the R. L. Co. to ship 360,000 thereof to the Philippine Company at Manila; that appellant's officers prepared the bill of lading for the shipment and the draft to accompany the same, and made the shipment in the name of the R. L. Co. for appellant's convenience, and that in making the shipment the R. L. Co. acted merely as appellant's agent.

While there is some dispute in the testimony as to just exactly what happened in connection with the shipment of this portion of the cartons to Manila, in our opinion the evidence preponderates in favor of the finding of the trial court, and consequently no reason exists, on the third ground urged by appellant, for disturbing the judgment.

■ Finally, appellant urges that, because the R. L. Co. obtained money from its bank upon deposit therein of the draft and bill of lading, it must be held that, at the time of suit, the bank was the owner of the claim, and that consequently the assignment from the R. L. Co. to respondent failed to vest the respondent with the right to maintain this action.

Appellant did not in its proposed findings call the attention of the trial court to this point; nor do we find in the testimony any support for appellant's contention that the ownership of the cartons sent to Manila, or title to the amount due therefor, had passed from

the R. L. Co. to any person whomsoever, save as ·assigned to respondent for the purpose of collection.

We are of the opinion that the points urged by appellant for reversal of the judgment are without merit, and the judgment is accordingly affirmed.

FULLERTON, C. J., MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.